UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-23446-UU

CHARLES GALAN,

    Plaintiff,

v.

BARCLAYS BANK DELAWARE,

    Defendants.

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Compel Arbitration. D.E. 10.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. The motion has been fully briefed and is ripe for determination.

## **BACKGROUND**

The following facts are not in dispute. On August 31, 2012, Barclays Bank Delaware ("Barclays") approved Plaintiff's application to open a credit card account, and on October 9, 2012, approved Plaintiff's application to open an additional credit card account. Hutt Aff., ¶¶ 4, 5. Barclays then sent to Plaintiff two credit cards and a "Cardmember Agreement" for each account. *Id.* at ¶ 6. The Cardmember Agreements each contain an identical arbitration provision, which provides in pertinent part:

> At the election of either you or us, any claim, dispute or controversy ("Claim") by either you or us against the other, arising from or relating in any way to this Agreement or your Account, or their establishment, or any transaction or activity on your Account, including (without limitation)

>Claims based on contract, tort (including intentional torts), fraud, agency, negligence, statutory or regulatory provisions or any other source of law and (except otherwise specifically provided in this Agreement) Claims regarding the applicability of this arbitration provision or the validity of the entire Agreement, shall be resolved exclusively by arbitration. ... If any Claim is advanced in a court, arbitration may be elected under this provision instead, and the right to elect arbitration shall not be deemed to have been waived if the election is made at any time before commencement of trial.
>
>Alternatively, you and we may pursue a Claim within the jurisdiction of the Justice of the Peace Court in Delaware, or the equivalent court in your home jurisdiction, provided that the action remains in that court, is made on behalf of or against you only and is not made part of a class action, private attorney general action or other representative or collective action.
>
>\*\*\*
>
>This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§1–16. No class actions, joinder or consolidation of any Claim with a Claim of any other person or entity shall be allowable in arbitration, without the written consent of both you and us. In the event that there is a dispute about whether limiting arbitration of the parties' dispute to non-class proceedings is enforceable under the applicable law, then that question shall be resolved by litigation in a court rather than by the arbitrator, and to the extent it is determined that resolution of a Claim shall proceed on a class basis, it shall so proceed in a court of competent jurisdiction rather than in arbitration.
>
>\*\*\*
>
>ARBITRATION WITH RESPECT TO A CLAIM IS BINDING AND NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM THROUGH A COURT. IN ARBITRATION YOU AND WE WILL NOT HAVE THE RIGHTS THAT ARE PROVIDED IN COURT INCLUDING THE RIGHT TO A TRIAL BY JUDGE OR JURY AND THE RIGHT TO PARTICIPATE OR BE REPRESENTED IN PROCEEDINGS BROUGHT BY OTHERS SUCH AS CLASS ACTIONS OR SIMILAR PROCEEDINGS. IN ADDITION, THE RIGHT TO DISCOVERY AND THE RIGHT TO APPEAL ARE ALSO LIMITED OR ELIMINATED BY ARBITRATION. ALL OF THESE RIGHTS ARE WAIVED AND ALL CLAIMS MUST BE RESOLVED THROUGH ARBITRATION.

Cardmember Agreements (D.E. 10 at 23–24, 30–31). After receiving the credit cards and the

Cardmember Agreements, Plaintiff began using both cards. Hutt Aff., ¶¶ 7, 8.

On September 18, 2014, Plaintiff filed suit against Barclays, alleging that Barclays attempted to

collect on his credit card debt in a manner that violates both the Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). First Amended Complaint, ¶ 14; Hutt Aff., ¶¶ 4, 5. Barclays now moves to compel arbitration.

## ANALYSIS

Federal policy favors arbitration over litigation. *Seaboard Coast Line R.R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982). Claims are subject to arbitration where they fall within the scope of a valid and enforceable arbitration agreement. *See, e.g.*, *Benoay v. Prudential-Bache Sec., Inc.*, 805 F.2d 1437, 1440 (11th Cir. 1986). Although the Federal Arbitration Act ("FAA") governs the applicability of arbitration agreements, "state law governs issues 'concerning the validity, revocability, and enforceability of contracts generally.'" *Bhim v. Rent-A-Center, Inc.*, 655 F. Supp. 2d 1307, 1311 (S.D. Fla. 2009) (quoting *Perry v. Thomas*, 482 U.S. 483, 492 n. 9 (1987)).

"The party opposing a motion to compel arbitration or to stay litigation pending arbitration has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration." *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1314 (S.D. Fla. 2004) (internal quotations omitted). "This burden is not unlike that of a party seeking summary judgment"; "the party opposing arbitration should identify those portions of the pleadings, depositions, answers to interrogatories, and affidavits which support its contention." *Id.* (internal citations and quotations omitted); *see also Bertram v. Beneficial Consumer Discount Co.*, 286 F. Supp. 2d 453, 456 (M.D. Pa. 2003) (in the context of a motion to compel arbitration or to stay litigation pending arbitration, "the court may consider the pleadings, documents of uncontested validity, and affidavits or depositions submitted by either party").

Here, Barclays moves to compel arbitration of the preliminary issues relating to whether Plaintiff's claims are subject to mandatory arbitration, arguing that the arbitration provision delegates such issues to an arbitrator. To reiterate, the delegation provision in question provides that any dispute or controversy "regarding the applicability of [the] arbitration provision or the validity of the entire Agreement ... shall be resolved exclusively by arbitration."

A delegation provision is "simply an additional, antecedent agreement that is severable from the remainder of the arbitration agreement." *In re Checking Account Overdraft Litig. MDL No. 2036*, 674 F.3d 1252, 1255 (11th Cir. 2012) (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)). Under the FAA, such provisions are valid, "save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* (quoting 9 U.S.C. § 2); *Rent-A-Ctr., W., Inc.*, 561 U.S. at 68-69 (2010) ("We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."). Where valid, courts should enforce such provisions so long as there exists "clear and unmistakable evidence" that the parties manifested their intent to arbitrate gateway issues, and may do so by "staying federal litigation under § 3 [of the FAA] and compelling arbitration under § 4." *Id.*; *Rent-A-Ctr., W., Inc.*, 561 U.S. at 70.

Here, Plaintiff completely ignores the delegation provision and Barclay's argument that the provision mandates arbitration of all threshold issues. Instead, he argues that his claims are not subject to mandatory arbitration because: (1) they do not come within the scope of the arbitration provision; (2) the arbitration provision would be substantively unconscionable if it were to cover his claims; and (3) arbitration is not mandatory under the agreement. But because Plaintiff does not dispute Barclay's

contention that there exists a valid and enforceable delegation provision clearly and unmistakably delegating each of these threshold issues to an arbitrator,[1] the Court must abstain from addressing these arguments, which must instead be brought before an arbitrator. Accordingly, the Court will stay the proceedings pending an arbitral determination as to whether Plaintiff's claims are subject to mandatory arbitration.

## CONCLUSION

In accordance with the foregoing, it is hereby

ORDERED AND ADJUDGED that Barclay's Motion, (D.E. 10), is GRANTED. This action is STAYED pending an arbitral determination as to whether Plaintiff's claims are subject to mandatory arbitration.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf

---

[1] While Plaintiff argues that the arbitration provision is unconscionable to the extent that it mandates arbitration of his claims, he does not argue that the delegation provision itself is also unconscionable. *In re Checking Account Overdraft Litig. MDL No. 2036*, 674 F.3d 1252, 1256 (11th Cir. 2012) ("A delegation provision is severable from the rest of the arbitration agreement and must be challenged 'specifically.'").